UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KYLE N. CLARK**                                                                             **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:25-CV-503-JHM**

**COMMONWEALTH OF KENTUCKY, et al.**                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Kyle N. Clark initiated this *pro se* 42 U.S.C. § 1983 civil rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues the Commonwealth of Kentucky; the Jefferson County Louisville Metro Government (LMG); the Louisville Metro Department of Corrections (LMDC); the Jefferson County Family Court Clerk; attorney Abigail Green; and Jefferson County Family Court Judge Shelley Santry.

Plaintiff alleges that on May 10, 2024, he appeared before Defendant Santry in Jefferson County Family Court for a "hearing for non-payment of child support." He alleges that Santry did not examine his evidence and "instead made [the] decision to incarcerate plaintiff based on hearsay evidence" presented by his former spouse. Plaintiff further alleges that Santry: ordered him to jail for contempt without a hearing to determine indigency; failed to appoint him a public defender; and, in November 2022, made a "disparaging comment in open court" evincing "bias against Plaintiff's financial situation." Plaintiff asserts that these actions constitute a denial of procedural due process under the Fourteenth Amendment.

As to Defendant LMDC, Plaintiff alleges that between May 10, 2024, and June 21, 2024, jail staff refused to provide him with court forms and legal materials necessary to challenge his incarceration. The Court construes these allegations as asserting a claim that LMDC officials violated his First Amendment right to access the courts.

Plaintiff alleges that between February and March 2025, Defendant Green, "acting in Jefferson County Family Court, authored findings of fact and conclusions of law that contained false statements and ignored a directive from the Administrative Office of the Courts to treat an incident as if it never happened." Therein, Green "falsely stated that Plaintiff willfully failed to contact his children, when in fact separation was caused by the no contact order." Plaintiff states that neither he nor his attorney were provided with a copy of this document prior to Santry adopting the findings of fact and conclusions of law, and asserts that "this constitutes *ex parte* communication, violating procedural fairness and Plaintiff's right to an impartial decision."

Plaintiff alleges that the Cabinet for Health and Family Services (CHFS) "made decisions affecting Plaintiff's parental rights without contacting him or allowing him to present his side." The Court construes this allegation as asserting a Fourteenth Amendment due process claim.

Plaintiff alleges that beginning in March 2025, the Jefferson County Family Court: (1) mistakenly sent an e-mail to Plaintiff about a hearing for another individual with the same name as Plaintiff's; (2) failed to properly notify him of a scheduled motion hour hearing; (3) entered the termination of parental rights ruling without notifying him or his court-appointed attorney, preventing him from filing a timely appeal; and (4) maintained a "no contact order barring Plaintiff from seeing or speaking to his children" after his charges were dismissed, "despite the Administrative Office of Courts instructing that the underlying incident be treated as if it never

happened." The Court construes these allegations as asserting a Fourteenth Amendment due process claim.

As relief, Plaintiff seeks monetary damages and declaratory/injunctive relief in the form of "[a] declaration that the plaintiff's rights were violated under the first and fourteenth amendments," and "an order requiring the expunged record be completely removed from all findings and that future court records and CHFS files reflect this."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendants Commonwealth of Kentucky, Jefferson County Family Court, CHFS**

Plaintiff makes no allegations against the Commonwealth of Kentucky itself, however, the Court construes his claims against the Jefferson County Family Court and the CHFS as claims against the Commonwealth.

The Kentucky courts are a constitutional arm of government. *See* Ky. Const. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration."); *see also* Ky. Const. § 112(6) ("The Supreme Court may designate one or more divisions of Circuit Court within a judicial circuit as a family court division."); *Day v. Hopkins Cnty. Fam. Ct.*, No. 4:20-CV-5-JHM, 2020 WL 3547942, at *2 (W.D. Ky. June 30, 2020). Similarly, the Jefferson County CHFS is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. § 194A.010; *see also Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15–CV–00476–JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016). As such, a state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against these Defendants. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). In enacting § 1983, Congress did not intend to override the

traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Thus, Plaintiff's claims against the Commonwealth of Kentucky, the Jefferson County Family Court, and the CHFS must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendants LMG and LMDC

Plaintiff makes no allegations against the LMG itself, however, the Court construes his claim against LMDC as against the LMG. *See*, *e.g.*, *Payne v. Louisville Metro Dep't of Corr.*, No. 3:14CV-P600-R, 2014 WL 5439287, at *4 (W.D. Ky. Oct. 22, 2014) ("LMDC is not a 'person' subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983 . . . [LMG] is the proper defendant," as it is "a 'person' for purposes of § 1983.") (citations omitted).

Plaintiff's complaint asserts a First Amendment claim for denial of access to the courts based on his allegation that LMDC jail officials refused to provide him with legal forms "necessary to challenge his incarceration."

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty.*, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation'

6

in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).  Here, Plaintiff does not allege that his constitutional rights were violated due to a custom or policy, but rather alleges isolated incidents at LMDC affecting him only.  Plaintiff's claims against the LMG and LMDC must therefore be dismissed for failure to state a claim upon which relief may be granted.  *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019) ("an isolated occurrence affecting only" the plaintiff would not amount to a policy or custom endorsed by the defendant for purposes of a municipal liability claim) (citing *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)).

### C. Judge Santry

As a state official sued in her official capacity for money damages, Family Court Judge Santry is not a "person" subject to suit under § 1983.  *Will*, 491 U.S. at 71.  In addition, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *P. R. Aqueduct & Sewer Auth.*, 506 U.S. at 143-45; *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. As stated above, the Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington*, 928 F.2d at 193-94.  "This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh

7

Amendment). Thus, any official capacity claim against Judge Santry must be dismissed for failure to state a claim upon which relief may be granted.

As to any individual capacity claim against Judge Santry, "[j]udges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Because Plaintiff's complaint pertains only to actions taken by Judge Santry in her judicial capacity and within her jurisdictional authority, any individual capacity claim against her must be dismissed as barred by judicial immunity.

**D. Attorney Green**

Based on Plaintiff's allegations, Defendant Green appears to be a private attorney involved in the family court proceedings described in the complaint. Green, however, is not a state actor for purposes of § 1983. *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.") (citing *Polk Cnty*, 454 U.S. at 318). The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). This is true regardless of whether Green acted as counsel for Plaintiff's ex-spouse, *see Moore v. Rogers*, No. 1:14CV-P101-GNS, 2015 WL 418124, at *2 (W.D. Ky. Jan. 30, 2015) ("Defendant Rogers, in representing

Plaintiff's opponent in a family court suit, was not acting under color of state law"), or as a guardian *ad litem*, *see Bracey v. Barbour*, No. 3:12-CV-629, 2012 WL 2395171, at *8 (M.D. Tenn. June 25, 2012) ("Although appointed by a court, a guardian *ad litem*—like, for instance, an attorney appointed by a court to represent a criminal defendant—is not a state actor, because he represents the best interests of the individual . . . not the state.") (collecting cases).  Accordingly, Plaintiff's § 1983 claims against Defendant Green must be dismissed for failure to state a claim upon which relief may be granted.

IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:  November 30, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.015